## HARFT *v.* TONNELLY *et al.*

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

LANDLORD AND TENANT—RENT—APPEAL.

> A judgment for defendant in an action for rent will not be disturbed on appeal where there is evidence tending to show a surrender of the premises by defendant, and acceptance by plaintiff.

Appeal from third district court.

Action by Charles Harft against Walter Tonnelly and Irving B. Welcome. There was judgment for defendants. Plaintiff appeals.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*Henry Wehle,* for appellant. *John Tonnelly,* (*F. E. Barnard,* of counsel,) for respondents.

LARREMORE, C. J. This action was brought to recover rent due for the month of November, 1888, for premises No. 18 Clinton place, in the city of New York, under an alleged verbal lease made May 1, 1888, for the term of one year. Defendants denied that such lease was ever made, and also claimed a surrender of the premises by the defendants, and acceptance by the plaintiff. These were the main issues litigated in the court below, and were purely questions of fact upon the evidence offered. It appears by the testimony that in November, 1887, the parties all executed a written lease, whereby the plaintiff leased the premises in question to the defendants for two years and five months from December 1, 1887; that, at the time of the execution of the lease, defendants tendered one month's rent, which plaintiff refused to accept, because they did not tender at the same time the price of certain property. He told them to wait until December 1st. Upon that day the defendants called to pay the rent for December, and also for the alleged property, when plaintiff took the lease from his desk, and destroyed it, telling defendants he would not let them have the premises. Afterwards, on the same day, he told the defendants he had changed his mind, and would let them have the premises, and would prepare a new lease, with the same conditions as the one destroyed, whereupon defendants paid one month's rent and went into possession. Some time thereafter the plaintiff presented a new lease, unlike the one destroyed, which defendants refused to sign, because not according to the agreement; and no second lease was ever executed, nor any other lease ever made. It appears to be quite evident that defendants continued in possession of the premises with the expectation of receiving the same lease that they had previously signed, for two years and five months, which lease, as above stated, was destroyed. Plaintiff based his action upon the lease or agreement made May 1, 1888, and cannot now claim to recover upon any other. He failed to prove such a contract by a preponderance of evidence. It is unnecessary to refer to the testimony, which is very voluminous, as it fully appears on the

return. If the surrender and acceptance was duly made,—and there is some testimony to that effect,—the judgment rendered should not be disturbed on appeal, but should be affirmed, with costs.